```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
OLIVER KRAFCSIK,

                        Plaintiff,

        -against-                                    19 Civ. 5376 (AT)

EGNATIA CONSTRUCTION INC., CARL J.                   ORDER
CHISOLM, PRIYA M. CHISOLM, and ABC
CORP., a fictitious name intending to be that of an
unknown contractor,

                        Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/14/2021

ANALISA TORRES, District Judge:

Plaintiff, Oliver Krafcsik, brings this action against Defendants, Egnatia Construction Inc. ("Egnatia"), Carl J. Chisolm, Priya J. Chisolm, and ABC Corp., alleging violation of the New York Labor Law § 200 *et seq.* ("NYLL") and negligence. Compl. ¶¶ 114–20, ECF No. 1. Plaintiff moves for partial summary judgment pursuant to Federal Rule of Civil Procedure 56 on the issues of Egnatia's liability under NYLL §§ 240(1), 241(6), and 200. ECF No. 68. Egnatia cross-moves for partial summary judgment pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7.1 on the same issues. ECF No. 73; Egnatia Mem. at 1, ECF No. 75. For the reasons stated below, Plaintiff's motion is GRANTED in part and DENIED in part, and Defendant's motion is DENIED.

## BACKGROUND[1]

In April 2018, Carl and Priya Chisolm hired Egnatia to renovate their two-family home located at 141 West 131st Street in Manhattan. Pl. 56.1 ¶ 1, ECF No. 78-1; Def. 56.1 ¶ 1, ECF No. 80-2. On August 25, 2018, Egnatia entered into a subcontract with Prime Foam Inc. ("Prime Foam") to apply spray foam insulation to the interior of the home. Def. 56.1 ¶ 2; Pl. 56.1 ¶ 5.

---

[1] Citations to a paragraph the Rule 56.1 statement also includes the other party's response.

On August 28, 2018, Krafcsik—an employee of Prime Foam—arrived with a co-worker at the Chisolms' home to perform the insulation work. Pl. 56.1 ¶ 6. The owner of Prime Foam then directed Krafcsik and his co-worker to begin working on the third floor of the house. *Id.* ¶ 7. Krafcsik returned to the Prime Foam truck to retrieve a 300-foot-long hose. *Id.* ¶¶ 7–8. At the same time, Krafcsik's co-worker went to the third floor to assemble a movable, rolling scaffold consisting of a metal frame with wood planks. *Id.* Although the parties disagree as to the height of the scaffold, it is undisputed that the scaffold had no guardrails and that Krafcsik was not provided with a safety harness. *Id.* ¶ 9.

Krafcsik arrived on the third floor and—while standing on a wood plank of the scaffold—began to spray the foam insulation on the ceiling using the hose connected to the truck outside. *Id.* Approximately ten minutes later, Krafcsik pulled on the hose to gain some slack and fell backwards off the scaffold. *Id.* ¶ 10; Krafcsik Dep. Tr. at 42:19–43:13, ECF No. 74-4. Krafcsik's neck and back landed on top of a ladder lying on the floor, and the back of his head hit the floor directly. Pl. 56.1 ¶ 11. Krafcsik claims that he was injured as a result of the fall.

## DISCUSSION

I.   Standard of Review

Summary judgment is appropriate when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–26 (1986). A genuine dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The moving party initially bears the burden of informing the Court of the absence of a genuine dispute of material fact by citing particular evidence in the record. Fed. R. Civ. P. 56(c)(1); *Celotex*, 477 U.S. at 323–24; *Koch v. Town of Brattleboro*, 287 F.3d 162, 165 (2d Cir. 2002). If

the nonmoving party has the ultimate burden of proof on specific issues at trial, the movant may also satisfy its own summary judgment burden by demonstrating that the adverse party cannot produce admissible evidence to support an issue of fact. *Celotex*, 477 U.S. at 322–23; *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam).

If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine dispute of material fact. *Beard v. Banks*, 548 U.S. 521, 529 (2006); *PepsiCo*, 315 F.3d at 105. "Although a party opposing summary judgment need not prove its evidence in a form admissible at trial or under the evidentiary standard which will be required, it must show facts sufficient to enable a reasonable mind to conclude that a material dispute of fact exists." *Healy v. Chelsea Res. Ltd.*, 736 F. Supp. 488, 491–92 (S.D.N.Y. 1990) (citation omitted). In deciding the motion, the Court views the record in the light most favorable to the nonmoving party. *Koch*, 287 F.3d at 165.

Generally, when parties file cross-motions for summary judgment, the same standard applies. *Morales v. Quintel Entm't, Inc.*, 249 F.3d 115, 121 (2d Cir. 2001). "[E]ach party's motion must be examined on its own merits, and in each case all reasonable inferences must be drawn against the party whose motion is under consideration." *Id*. Here, because the motion and cross-motion seek a determination on the same issues, this Court may consider them together. *ExteNet Sys., Inc. v. Vill. of Pelham*, 377 F. Supp. 3d 217, 223 (S.D.N.Y. 2019).

II. <u>Analysis</u>

A. NYLL § 240(1)

"For 120 years [NYLL] § 240(1)—commonly known as the scaffold law—has provided legal recourse to workers injured while engaging in construction at heights." *Wojcik v. 42nd Street Development Project*, 386 F. Supp. 2d 442, 450 (S.D.N.Y. 2005) (citing *Blake v.*

3

*Neighborhood Hous. Servs. of N.Y. City Inc.*, 803 N.E.2d 757 (N.Y. 2003)).  The relevant part of § 240(1) states:

> All contractors and owners and their agents . . . in the . . . repairing, [or] altering . . . of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.

NYLL § 240(1).  Section 240(1) was designed "to provide protection for workers who are subjected to elevation-related risks . . . [and] the statute achieves this by imposing absolute responsibility for safety practices on owners, general contractors, and their agents, instead of on the workers themselves."  *Wilson v. City of New York*, 89 F.3d 32, 36 (2d Cir. 1996).

To succeed on a claim brought under § 240(1), a plaintiff must establish "(1) that a violation of the statute, (2) is the proximate cause of his injury."  *Wojcik*, 386 F. Supp. 2d at 450.  A contractor's failure to provide safety devices "constitutes a per se violation of the statute" and subjects that contractor to absolute liability "for any injuries that result from such failure."  *Cherry v. Time Warner, Inc.*, 885 N.Y.S.2d 28, 31 (1st Dep't 2009).  Thus, § 240(1) must be "interpreted liberally" and a contractor will be held liable "so long as the violation of the statute was the proximate cause of the worker's injuries[.]"  *Pollack v. Safeway Steel Products, Inc.*, 457 F. Supp. 2d 444, 448 (S.D.N.Y. 2006).  And a plaintiff establishes proximate cause by showing that this "violation was a contributing cause of his fall[.]"  *Blake*, 803 N.E.2d at 763.

Egnatia argues that § 240(1) does not apply because Plaintiff's injury is unrelated to the scaffold.  Def. Mem. at 4–5, ECF No. 75.  Although § 240(1) does "not encompass any and all perils that may be connected in some tangential way with the effects of gravity," it does cover "injuries that result from [an] elevation-related risk and the inadequacy of [a] safety device."

*Nicometi v. Vineyards of Fredonia, LLC*, 30 N.E.3d 154, 154 (N.Y. 2015) (emphasis omitted). Here, Krafcsik's injuries resulted from falling off of a scaffold that lacked guardrails, exactly the type of elevation-related hazard contemplated in § 240(1). Moreover, Egnatia's reliance on *Palumbo v. Transit Tech., LLC*, 41 N.Y.S.3d 85 (2d Dep't 2016) is misguided. Unlike Krafcsik, the *Palumbo* plaintiff was standing on the ground—not on a scaffold or other safety device—and was pulled into a trench by an accelerating cable. *Id.* at 86. Therefore, § 240(1) applies.

Krafcsik has satisfied his *prima facie* burden on his § 240(1) claim because the parties do not dispute that the scaffold lacked guardrails and that Krafcsik was not provided with a harness or any other protective device. Pl. 56.1 ¶ 9. *See Morocho v. Boulevard Gardens Owners Corp.*, 85 N.Y.S.3d 135, 135 (2d Dep't 2018). The parties also do not dispute that Krafcsik was injured due to his fall. Pl. 56.1 ¶ 11. Although the parties dispute the height of the scaffold, there is no minimum height requirement for a scaffold to require a safety rail under § 240(1). *Thompson v. St. Charles Condominiums*, 756 N.Y.S.2d 530, 532–33 (1st Dep't 2003). Thus, Krafcsik has established a violation of § 240(1) and that this violation was a proximate cause of his injuries. *See Morocho*, 85 N.Y.S.3d at 135.

The Court rejects Egnatia's argument that it is not liable because Krafcsik was the "sole proximate cause" of his injuries. *See* Def. Mem. at 5–7. A defendant may be relieved of liability under § 240(1) if the plaintiff's negligence was the "sole proximate cause of the accident." *Blake v. Neighborhood Housing Services of New York City, Inc.*, 803 N.E.2d 757, 763 (N.Y. 2003). However, to establish that a plaintiff was the sole proximate cause of his injuries, a defendant must show that the "plaintiff had adequate safety devices available; that he knew both that they were available and that he was expected to use them; that he chose for no good reason not to do so; and that had he not made that choice he would not have been injured." *Auriemma v.*

*Biltmore Theatre, LLC*, 917 N.Y.S.2d 130, 136–37 (1st Dep't 2011) (quotation mark omitted). Egnatia has not established any of these elements. Additionally, "if a statutory violation is a proximate cause of an injury, the plaintiff cannot be solely to blame for it." *Blake*, 803 N.E.2d at 763. Because Krafcsik has demonstrated that Egnatia violated § 240(1), he cannot be the sole proximate cause of his injuries.

Accordingly, because Egnatia has not raised a genuine issue of material fact, Krafcsik's partial motion for summary judgment on liability under § 240(1) is GRANTED and Egnatia's motion regarding this claim is DENIED.

### B. NYLL § 241(6)

"Section 241(6) of the [NYLL] empowers the Commissioner of the Department of Labor to promulgate regulations to promote the safety of workers engaged in construction . . . and provides that the violation of certain of those regulations by an owner or contractor constitutes a breach of §241(6)." *Wojcik*, 386 F. Supp. 2d at 453. The relevant part of § 241(6) states that:

> All areas in which construction . . . work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein . . . . The commissioner may make rules to carry into effect the provisions of this subdivision, and the owners and contractors and their agents . . . shall comply therewith.

NYLL § 241(6).

A plaintiff may bring a claim under § 241(6) if he alleges "that a specific and concrete provision of the Industrial Code was violated and that the violation proximately caused . . . [his] injuries." *Wallace v. National R.R. Passenger Corp.*, 5 F. Supp. 3d 452, 468 (S.D.N.Y. 2014) (quotation marks omitted). Krafcsik claims violations of two such provisions: subsections (b)

and (g) of Industrial Code § 23-5.18, which cover "[m]anually-propelled mobile scaffolds," 12 NYCRR § 23-5.18; Pl. Mem. at 8–10, ECF No. 70.

1. Industrial Code 12 NYCRR § 23-5.18(b)

Subsection (b)—titled "Safety railings required"—requires that "[t]he platform of every manually-propelled scaffold shall be provided with a safety railing constructed and installed in compliance with this Part." 12 NYCRR § 23-5.18(b). Similar to liability under § 240(1), a "plaintiff [meets] his prima facie burden with respect to his [NYLL] § 241(6) cause of action by establishing that [a] scaffold was a movable scaffold that lacked safety railings in violation of 12 NYCRR [§] 23-5.18(b)." *Morocho*, 85 N.Y.S.3d at 137; *see also Moran v. 200 Varick Street Associates, LLC*, 914 N.Y.S.2d 307 (2d Dep't 2011).

Although the parties dispute the height of the scaffold, there is no minimum height requirement for a scaffold to require a safety rail under § 23-5.18(b). *Vergara v. SS 133 W. 21, LLC*, 800 N.Y.S.2d 134, 136 (1st Dep't 2005). Because it is undisputed that the scaffold from which Krafcsik fell was movable and lacked safety railings, Krafcsik has met his *prima facie* burden under § 241(6) for a violation of § 23-5.18(b).

2. Industrial Code 12 NYCRR § 23-5.18(g)

Subsection (g), titled "Scaffold footing[,]" requires that "[w]henever any such scaffold is in use and is occupied by any person, such scaffold shall rest upon a stable footing, the platform shall be level and the scaffold shall stand plumb. All casters or wheels shall be locked in position." 12 NYCRR § 23-5.18(g). A plaintiff meets his *prima facie* burden under § 241(6) if he can establish that the wheels of a movable scaffold "were not locked, in violation of 12 NYCRR § 23-518(g)." *Carter v. Empire State Realty Trust Inc.*, 2020 WL 2066334, at * 16 (N.Y. Sup. Ct. Apr. 29, 2020). A court can infer that the wheels of a scaffold were not locked if

7

those wheels moved.  *Id*.

Here, Krafcsik testified that the after he fell, "the bottom part [of the scaffold] with the wheels moved a little bit towards the front."  Krafcsik Dep. Tr. at 46:24–47:2.  In opposition, Egnatia "denies that the scaffold rolled forward," Pl. 56.1 ¶ 10, but does not provide any specific facts that contradict Krafcsik's testimony.  Instead, Egnatia merely characterizes Krafcsik's testimony as a "self-serving recognition" and claims that the testimony is unreliable because Krafcsik was rendered unconscious after falling.  *Id*.  But these conclusory denials are not sufficient to create a genuine issue of material fact regarding Krafcsik's testimony that the scaffold moved.  *See Hicks*, 593 F.3d at 166.  Because Krafcsik's testimony that the scaffold moved is uncontroverted, this Court can infer that the wheels of the scaffold were not locked, in violation of § 23-5.18(g).

Accordingly, Krafcsik's motion for partial summary judgment on its NYLL § 241(6) claim is GRANTED and Egnatia's motion on the same claim is DENIED.

### C.  NYLL § 200

"[NYLL] § 200 codifies landowners' and general contractors' common law duty to maintain a safe workplace."  *Wojcik*, 386 F. Supp. 2d at 455.  The relevant part of § 200 states:

> All places to which this chapter applies shall be so constructed, equipped, arranged, operated and conducted as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein or lawfully frequenting such places. All machinery, equipment, and devices in such places shall be so placed, operated, guarded, and lighted as to provide reasonable and adequate protection to all such persons.

NYLL § 200(1).

Section 200 cases fall into two categories: "those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in

which the work is performed." *Lincho v. Nat'l Railroad Passenger Corp.*, 338 F. Supp. 3d 343, 357 (S.D.N.Y. 2018). It is well settled that the failure to furnish safe scaffolds involves the "methods and means" of the work. *See, e.g.*, *Ortega v. Puccia*, 866 N.Y.S.2d 323, 331 (2d Dep't 2008). And in such cases, "recovery against the owner or general contractor cannot be had . . . unless it is shown that the party to be charged had the authority to supervise or control the performance of the work."[2] *Lincho*, 338 F. Supp. 3d at 357–58. "[M]ere general supervisory authority . . . is insufficient to impose liability under [NYLL] § 200." *Ortega*, 866 N.Y.S.2d at 330. Instead, a plaintiff must show that a defendant "bears the responsibility for the manner in which the work is performed." *Lincho*, 338 F. Supp. 3d at 358.

Here, the parties dispute whether Egnatia had the authority to supervise or control the performance of Krafcsik's spray foam insulation work. Egnatia claims that its contract with Prime Foam required it to remove all materials from the area prior to the performance of the work. Def. Opp'n at 12. Because Egnatia adhered to these terms, it asserts that it lacked the authority required to establish liability under § 200. *Id.* But that same contract also required the "Customer" (Egnatia) to be "present during the completion of work, to inspect and approve work." ECF No. 74-8; Pl. Mem. at 11–12. Moreover, Egnatia employees were present at the site, Egnatia Dep. Tr. at 24:20–25:6, which could suggest that Egnatia had supervisory authority. There is a genuine issue of material fact as to whether Egnatia had the requisite authority to establish liability under § 200.

Accordingly, both parties' motions for summary judgment on the NYLL § 200 claim are DENIED.

---

[2] Some courts "appear to require the actual exercise of supervision or control before liability may attach." *Ortega*, 866 N.Y.S.2d at 330 n.2. However, such a standard would "encourage defendants to purposefully absent themselves from worksites to provide insulation from liability[.]" *Id.* Instead, the Court looks to "whether the defendant had the authority to supervise or control the work." *Id.*

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment on his NYLL §§ 240(1) and 241(6) claims is GRANTED, and his motion is DENIED as to his NYLL § 200 claim.  Defendant's motion for summary judgment is DENIED.

The Clerk of Court is directed to terminate the motions at ECF Nos. 68 and 73.

SO ORDERED.

Dated: September 14, 2021
       New York, New York

_____
ANALISA TORRES
United States District Judge